Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6474 | **DATE** | 10/13/2010 |
| **CASE TITLE** | U.S. ex rel. Lazarek Austin (#K-77091) vs. Warden of Pontiac | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to update Petitioner's address to reflect that he is now a state prisoner at the Pontiac Correctional Center, incarcerated under registration number K-77091. Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied. Petitioner must pay the $5.00 statutory filing fee. Petitioner is additionally directed to confirm in writing whether he wishes to: (1) proceed only on the exhausted claims raised in his habeas petition or (2) stay this case pending disposition of the state post-conviction proceedings. Failure to comply with these directives by 11/12/10 will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]                                   Docketing to mail notices.

## STATEMENT

Lazarek Austin, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first degree murder, armed robbery, and aggravated kidnaping with a firearm on the grounds that: (1) his defense attorney was ineffective in multiple respects; (2) the evidence failed to establish his guilt beyond a reasonable doubt; (3) he was denied the opportunity to confront his accusers; (4) post-conviction counsel failed to raise certain, meritorious issues; and (5) appellate counsel provided deficient assistance.

Petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. Petitioner's financial affidavit reveals that he has a current balance of $120.12 in his prison trust account. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and must do so if he wishes to proceed with this action.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

In addition, Petitioner admits that he has not exhausted state court remedies as to all claims raised in his habeas petition; however, he failed to fill in that portion of the petition eliciting information about which claims were not presented and why not. *See* Petition, p. 6, Section 3. The Court notes that Petitioner currently has a post-conviction petition pending in the Cook County Circuit Court, but he does not indicate whether the non-exhausted claims are under review in the state post-conviction proceedings.

Petitioner may not be aware that the abuse of the writ doctrine may bar a second or successive habeas petition raising those claims at a later date. *See* Rule 9 of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2244(b)(3) and (4). Therefore, although Petitioner seems to have exhausted state court remedies as to at least some of the claims raised in his federal habeas petition, he may wish to wait until all potential claims have been exhausted to seek federal review.

For the foregoing reasons, Petitioner is directed to: (1) pay the $5.00 statutory filing fee; and (2) inform the Court whether he wishes to: (I) proceed on his exhausted claim(s), thereby effectively waiving later federal review of any claims currently pending in the state court system in post-conviction proceedings; or (ii) stay this case pending exhaustion of state court remedies as to any claims not previously presented to the state court of highest review. Failure to comply with these directives by 11/12/10 will result in summary dismissal of this case.

Petitioner is advised that he must provide the Court with the original plus a complete judge's copy of every document filed, including any exhibits.